SAMUEL P. BURNELL *vs.* DE FOREST WELD and others, and Trustees.

*Attorney at law—money in his hands may be trusteed. One having money belonging to one firm held as trustee of another comprising some of the same persons.*

Where an attorney at law has received money in satisfaction of a demand in favor of his clients, it may be attached in his hands by trustee process.

A person having money in his hands, belonging to a late firm of three persons, may be held as trustee of a new firm comprising two members of the old firm and another person, unless some interposing claim be made by the creditors of the old firm.

When it appears by the disclosure, that the property disclosed is claimed by a third person by virtue of an assignment by the principal debtor purporting to have been made prior to the commencement of the trustee process, the plaintiff, before he can claim to have the trustee charged, must, unless the claimant voluntarily appear, have written notice issued and served upon the claimant as prescribed in R. S. c. 86, § 32.

ON EXCEPTIONS.

ASSUMPSIT by trustee process against De Forest Weld, Sylvester H. Kneeland and Wesley R. Andrews, copartners under the firm name of Weld, Kneeland & Andrew, as principal defendants, and A. M. Pulsifer & Clarence C. Frost, a law firm, as trustees.

The alleged trustees disclosed that at the time of the service of this writ upon them, they were indebted to Charles A. Bulkley, De Forest Weld, and Wesley R. Andrews, late copartners under the firm name of Bulkley, Weld & Andrews, in the sum of $72.75,

for moneys collected in their favor of one Clark, but were not indebted to the firm of Weld, Kneeland & Andrews, in any sum; and that the firm of Weld, Kneeland & Andrews is composed of De Forest Weld & Wesley R. Andrews, both of whom were members of the firm of Bulkley, Weld & Andrews, with Charles A. Bulkley, who was also a member of said firm of Bulkley, Weld & Andrews, as special partner, with the addition of Sylvester H. Kneeland.

The presiding judge charged the trustees upon their disclosure, and they alleged exceptions.

*Pulsifer & Frost,* for the principal defendants.

1. All the debts due from the firm of Bulkley, Weld & Andrews must first be paid before any part of a debt due said firm can be applied in payment of the private debts of any one or more of the partners of the firm. *Pierce* v. *Jackson,* 6 Mass. 243, 271; *Upham* v. *Naylor,* 9 Mass. 490; *Rice* v. *Austin,* 17 Mass. 206; *Lord* v. *Baldwin,* 6 Pick. 350. And until the affairs of the copartnership are wound up and settled, the claims of a partner are merely equitable. *Williams* v. *Henshaw,* 11 Pick. 79; s. c. 12 Pick. 378; *Commercial Bank* v. *Wilkins,* 9 Greenl. 34.

There is a distinction between the liability of partnership property in the hands of trustees to be holden for private debts, as in case at bar, and the liability of separate property of each member to be taken on execution by any creditor of the firm. *Allen* v. *Wells,* 22 Pick. 455; *Hawes* v. *Waltham,* 18 Pick. 454.

2. Before trustee can be charged, the plaintiff must show that the partnership whose debt he seeks to hold is solvent, and that the principal has an interest in such debt after the debts of the partnership are paid. *Fisk* v. *Herrick,* 6 Mass. 272.

3. The principal defendants have no cause of action against said trustees, and hence the latter cannot be charged. *Richard* v. *Mer. & Conn. R. R.* 44 N. H. 139; *Greenleaf* v. *Perrin,* 8 N. H. 273; *Maine F. & M. Ins. Co.* v. *Weeks,* 7 Mass. 439.

*A. K. P. Knowlton & A. D. Cornish,* for the plaintiff.

BARROWS, J. The trustees except to the ruling at *nisi prius* charging them upon their disclosure, and present their disclosure. The matters upon which they rely in argument have all been determined in this State against them. As to those points a reference to the following decisions is all that we deem necessary. *Whitney* v. *Monroe*, 19 Maine, 42; *Thompson* v. *Lewis*, 34 Maine, 167; *Smith* v. *Cahoon*, 37 Maine, 281; *Staples* v. *Staples*, 4 Maine, 532.

Yet the trustees were improperly charged, and the exceptions must be sustained. The disclosure shows notice to the trustees from one Chester Bullock of an assignment to him, purporting to have been made prior to the commencement of this process. Under such circumstances, before the plaintiff can claim to have the trustee charged, unless the claimant appears voluntarily, the plaintiff must have notice issued and served on him, under the provisions of R. S. § 32, c. 86.

The rights of such claimant cannot be cut off by a process to which he is not a party and of which he has no notice. It is necessary to the protection of the trustee that there should be such proceedings as will settle the question, whether the fund belongs to the principal defendant or to the claimant; and the plaintiff, if he would perfect his attachment, must give the claimant such notice as the court may order, before they will proceed to adjudicate upon a question affecting his rights. The ruling that the trustee was chargeable before these proceedings were had, was erroneous. See *Dalton* v. *Dalton*, 48 Maine, 42; *Bunker* v. *Gilmore*, 40 Maine, 91; *Wheeler* v. *Evans*, 26 Maine, 135; *Emery* v. *Davis*, 17 Maine, 252; *Legro* v. *Staples*, 16 Maine, 252; *Fiske* v. *Weston* 5 Maine, 410.

The reading of voluminous trustee disclosures, is practically impossible at *nisi prius*, and the presiding judge must, of necessity, rely upon counsel to present all the points necessary to a correct adjudication. In the present case, he ruled correctly upon the points which were presented; but these exceptions bring up the whole disclosure, and it does not appear that the vital question raised by the disclosure, in its nature preliminary to the charging

of the trustee, had been determined, or that the case was in such a position that we can make a decision that would be binding on all the parties interested upon that question.

*Exceptions sustained.*

APPLETON, C. J.; KENT, WALTON, and DICKERSON, JJ., concurred.

TAPLEY, J., concurred in the result.