## CHARLES V. LOOK

### *vs.*

### FRANKLIN BRACKETT, AND THE INHABITANTS OF PHILLIPS, and others, trustees.

### Franklin.    Opinion February 5, 1883.

#### *Trustee process.*

Where the disclosure of a trustee shows that the fund in the hands of the alleged trustee is claimed by another than the principal defendant, it is the duty of the plaintiff in the trustee suit to take the necessary steps under R. S., c. 86, § 32, to make the claimant a party to the suit if he does not appear voluntarily. Failing in this, there can be no binding adjudication as to the validity of such third person's claim, and the trustee must be discharged.

ON EXCEPTIONS.

The only question presented by the exceptions, arises from the disclosure of the inhabitants of Phillips made by the chairman of their selectmen and attorney. The facts disclosed are stated in the opinion.

*H. L. Whitcomb,* for the plaintiff.

The letter from Anthony Brackett is not evidence and if it was it is dated July 2, 1881, nearly nine months after the writ was served on the trustees and it does not say to whom he paid nor when he paid. If he paid the defendant it was without authority, and voluntary, and therefore invalid. *Brown* v. *Chesterville*, 63

Maine, 241. The trustee must distinctly and unequivocally negative the idea that he had funds of the principal defendant on the day of the service of the writ upon him. *Toothaker* v. *Allen*, 41 Maine, 324; *Gould* v. *Newburyport R. Company*, 14 Gray, 472; *Kelly* v. *Bowman*, 12 Pick, 383; *Chase* v. *Bradley*, 17 Maine, 89.

*James Morrison, Junior,* for the trustees.

BARROWS, J. The plaintiff claims to hold the inhabitants of Phillips as trustee of *Franklin* Brackett upon a disclosure which presents the following facts. The writ was served on the trustee, October 9, 1880. Prior to that time for several years a pauper of Phillips had been supported in Starks under the supervision of the Starks overseers, and up to May 1, 1880, had been living at one Henry Williamson's. The town of Phillips had paid the bills up to that time, the last payment having been made May 20, 1880, by an order in favor of Williamson. As to the support between May 1, and October 9, 1880, for which only in any event could the trustee be chargeable here, the disclosure shows that for the year ending May 1, 1881, it was provided for by the overseers of the poor of Starks, one of whom, *Anthony* Brackett has notified the Phillips overseers that he has paid for it up to May 1, 1881,—that the Phillips overseers never made any contract with Franklin Brackett, the principal defendant, to support the pauper, nor did they know of such a man until May or June, 1881, more than six months after the service of the trustee writ, when one of them, going to look after the pauper, found her at Franklin Brackett's. How long she had been there does not appear. The only claim asserted against the town of Phillips seems to have been that of Anthony Brackett, and if the town of Phillips can be held as the trustee of anybody on account of support for their pauper so furnished, it would seem to be the party who "provided for" the support and says he has paid for it. But if it could be successfully contended that the overseers of Starks had the right to bind the town of Phillips, in the premises, as their agents to whomsoever they pleased, and that the furnishing of the support

from May 1, to October 9, 1880, by Franklin Brackett is not sufficiently negatived, there would still be an insuperable obstacle to charging the trustee. It sufficiently appears by the disclosure that the fund is claimed by Anthony Brackett, and it is well settled that the plaintiff in a trustee suit must clear the way of all such obstacles, by citing the claimant if he does not appear voluntarily, so that the question of the validity of the claim may be legally determined before he can have the trustee charged. He cannot put the burden of that possible litigation upon the trustee. If the plaintiff neglects to take the steps which the statute points out, the trustee must be discharged. *Burnell* v. *Weld*, 59 Maine, 423 ; *Jordan* v. *Harmon*, 73 Maine, 261.

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.