## RASMUSSEN ET AL. *v.* McKNIGHT ET AL.

A FRAUD CLAIMED TO HAVE BEEN COMMITTED IN ONE OF TWO DIFFERENT WAYS MAY BE ALLEGED in the alternative as having been committed in one or the other of the ways named, where it is unknown to the party pleading in which of the ways the fraud was committed, and where, in either event, the facts pleaded would constitute a fraud. If the fraud was accomplished in either of the methods the pleader mentions, the statement he makes are the facts constituting the fraud.

IN AN ACTION AGAINST HUSBAND AND WIFE TO PROCURE A RECONVEYANCE of property obtained by the husband through his fraud, the deed therefor having been taken in the name of the wife, she, as the holder of the legal title, is a necessary party to the action whether cognizant of or a party to the fraud or not.

APPEAL by the plaintiffs from a judgment entered in the third district court for the defendants on demurrer. The opinion states the case.

*R. B. Tripp* and *Arthur Brown*, for the appellants.

Under the admitted facts, Rasmussen has the right to be placed in the same position as if the fraud had not been consummated.

Equity regards that as done which ought to have been done: 1 Pomeroy's Eq. Jur., secs. 364, 367, 369, 370, 373, 376. In enforcing this maxim, a court of equity, by its decree, will execute and declare the rights of parties as if they had done as they ought to have done.

In this case, had the deed been in the name of James McKnight, then Rasmussen's foreclosure would have vested him with legal title. He now has the right, in pursuance of that maxim, to demand a decree declaring and executing his rights.

But the learned judge who decided this case held that Mrs. McKnight could in no event be liable, because, he said, she was innocent of fraudulent intent. She is the recipient of a deed, an apparent legal cloud on land, which was substantially obtained by forgery.

Are we to understand this court that if legal claims are created in the names of those too young or too ignorant to be parties to the wrong the true owner has no remedy in equity?

"Equity will relieve, by canceling the fraudulent apparent transfer, and by compelling a reconveyance or reassignment, even as against the holder who is innocent of wrong:" 2 Pomeroy's Eq. Jur., sec. 918.

The right of Rasmussen being that of equitable owner, he had the right to sell and assign it wholly or in part, and his assignee could receive and enforce all the rights of Rasmussen: 1 Pomeroy's Eq. Jur., sec. 168; 2 Story's Eq. Jur., sec. 1040; 6 Cal. 247; 8 Id. 514; *Owen* v. *Frink*, 24 Id. 172.

The right being assignable, the statute requires the assignee to be party plaintiff: Prac. Act, sec. 4.

It is said that the complaint does not show but the mortgage was paid. It does show that decree of foreclosure was rendered, that said property has never been redeemed or decree paid.

It is true, the decree was satisfied by the sale and failure to redeem, but it is thereby satisfied by the land, and it is to enforce the right to the land this suit is brought; it is to declare the deed to Mary Ann a "fraud," that plaintiffs be declared to be the "owners" of the premises.

*J. G. Sutherland*, for the respondents.

The complaint does not state a case of fraud, by misreading the mortgage before execution, nor by subsequent alteration.

It is stated to have been read as a deed "to McKnight," and it is such. It is stated that the mortgage was read as one for three hundred and seventy dollars, and it is not alleged that it is different.

Rasmussen alleges that he does not know certain things, and then adds : "That by whatever means it was done, it was done fraudulently, and for the purpose of robbing and wronging said plaintiff Rasmussen."

This is but a general charge of fraud, without any particularity of statement to show of what it consisted. That mode of pleading fraud has invariably been held insufficient and unavailing: *Mandeville* v. *Solomon*, 39 Cal. 123; *Kent* v. *Snyder*, 30 Id. 666; *O. & V. R. R. Co.* v. *Plumas Co.*, 37 Id. 357.

If Mrs. McKnight became grantee by alteration after the deed was executed and delivered, it was thereby made void, and the plaintiff's remedy would certainly be at law, he being out of possession.

The complaint is defective for the purpose of any relief, even if the charge of fraud is held well stated.

Fraud does not vitiate and make void absolutely any transaction. The defrauded party has the option to abide by it and not to disaffirm it. He will affirm if he does not take steps to rescind by putting the parties *in statu quo.*

Rasmussen attempted no disaffirmance. His complaint states that a year after he took the mortgage he foreclosed it and bought in the property. The complaint is not framed to avoid the transaction on the ground of fraud.

There is no middle ground; if the transaction is not avoided *in toto*, it is affirmed *in toto: Herrin* v. *Libbey*, 36 Me. 357; *Burton* v. *Stewart*, 3 Wend. 239; *Conner* v. *Henderson*, 15 Mass. 321; *Perley* v. *Balch*, 23 Pick. 285; *Gifford* v. *Carvill*, 39 Cal. 589; *Wetmore* v. *McDougall*, 32 Mich. 276; *Hubbardston L. Co.* v. *Bates*, 31 Id. 163.

The transaction affirmed compels Rasmussen to content himself with the securities which he received, and his legal

action for the fraud to recover damages, if those securities, on account of the fraud, are unproductive.

He is not in a situation to deny that the deed conveyed title to Mrs. McKnight. Nor is he in a situation to claim a reconveyance or cancellation of the deed.

The prayer that the mortgage, which has been foreclosed, and is therefore now *functus*, be corrected so as to include an interest never vested in the mortgagor, has only the merit of novelty.

The plaintiff Rasmussen, according to the vague allegations of the complaint, conveyed with the intention of having security on the premises for the unpaid purchase money. If he has any remedy against Mrs. McKnight, it is to enforce that lien. This complaint is insufficient for that purpose. The plaintiffs have no joint interest in the purchase money, and the complaint is not framed for its recovery.

The equitable maxim invoked in the plaintiffs' brief would be perverted if applied to make that abortive foreclosure good.

The plaintiffs omitted to make Mrs. McKnight a party to that foreclosure, though she appeared on the records as the grantee. They ask by this complaint that the results of that action be charged up to her because she should have, but did not, execute the mortgage. The action, not being brought against her, did not affect her rights. She is entitled to her day in court as the owner of the premises subject to an incumbrance, and her six months' redemption.

This complaint offers her no option to pay, and asks that her title be vested arbitrarily and absolutely, to confirm and render effectual a former proceeding to which she was not a party, thus excluding her from the privilege of preserving her title by payment, if a lien on the premises should be established.

Rasmussen is not an equitable owner of the premises, and has no interest in them. At most, he has a vendor's lien on them for a part of the purchase money, and Brown having no interest, there is a misjoinder of parties.

EMERSON, J.:

The only question raised on this appeal is, Does the complaint state facts sufficient to constitute a cause of action?

It alleges, in substance, that the plaintiff Rasmussen, being the owner of certain premises in Salt Lake City, and described in the complaint, entered into a contract with the defendant James McKnight to sell and deed to him the premises for the sum of four hundred and seventy dollars, McKnight to pay one hundred dollars in cash, and execute a mortgage back to secure the balance. That the defendant named, pretending to be a lawyer, drafted said papers, and when completed, read them to the plaintiff named, as in pursuance of the contract, viz., a deed to McKnight and a mortgage back from him to the plaintiff named, and he signed the deed under that belief. "That since that time the plaintiff Rasmussen has discovered that the said deed, as it appears upon record, runs in the name of the wife of the said James McKnight, as grantee, to wit, the said Mary Ann McKnight; that the said plaintiff Rasmussen does not know whether the said McKnight obtained the said deed in his wife's name by misreading the same to plaintiff Rasmussen, or by obliterating his name and putting in hers; and does allege that by whatever means it was done, it was done fraudulently and for the purpose of robbing and wronging the said plaintiff Rasmussen."

It then alleges a deed of one half the land and one half the cause of action to the plaintiff Brown; that plaintiff Rasmussen, previous to the discovery of the fraud, commenced an action against James McKnight alone to foreclose the mortgage; that afterwards a decree was obtained, and the property sold to plaintiff Rasmussen for less than the face of the mortgage debt, and he obtained a deed therefor conveying all the interest of James McKnight; "that the said Mary Ann McKnight received the said conveyance without any consideration moving from her; that she is a party to and cognizant of the said frauds herein alleged." And then the prayer for relief.

The defendants demurred upon various grounds, but none, except the one mentioned, viz., "that the complaint does not state facts sufficient to constitute a cause of action," was argued or called to our attention. We shall therefore treat the others as abandoned.

On the ground of demurrer stated, the complaint is assailed principally because the facts constituting the fraud are not more specifically stated.

The plaintiff Rasmussen states all that he knows about the transaction, and that a fraud was perpetrated upon him in one of two ways, by which he was led to believe that he was conveying the land to James McKnight, and not to his wife, or he certainly would not have taken a mortgage from James McKnight to secure the unpaid purchase money, for if he intended to or knew that he was deeding the property to Mrs. McKnight, the mortgage from the husband was no security at all. If it was accomplished in either of the methods he mentions, the statements he makes are the facts constituting the fraud—statements of facts which the court can see do, in fact, constitute a fraud. The plaintiffs' statement of how it was accomplished must necessarily and under the circumstances, be in the alternative, and the complaint is not bad for that reason. The complaint alleges that the defendant Mary Ann McKnight was a party to and cognizant of the fraud. She is a proper party, and the complaint states a cause of action against her. She would be a proper and necessary party even if she knew nothing about the fraud. Under the circumstances alleged in the complaint, aside from the allegation of her knowledge of and participation in the fraud, she is the holder of the naked legal title, which the plaintiffs seek to have subjected to their equities. "Equity will relieve, by canceling the fraudulent apparent transfer, and by compelling a reconveyance or reassignment, even as against the holder who is innocent of wrong:" 2 Pomeroy's Eq. Jur., sec. 913.

The judgment of the court below is reversed, with costs, and the cause is remanded to the third district court, with directions to that court to overrule the demurrer.

HUNTER, C. J., concurred.


TWISS, J., dissenting:

This is a suit in which the plaintiffs pray that a deed mentioned in the complaint be decreed to be a fraud upon the rights of the plaintiff Rasmussen, and for certain other relief, special and general.

The complaint is as follows: " Plaintiffs, by amended complaint, complain of defendants, and allege that the said Hyrum

Rasmussen, on the eleventh day of March, 1880, was the owner and in possession of the following-described property, to wit: Part of lot 3 in block 43, as platted in plat B, Salt Lake City survey, Salt Lake county, Utah Territory, commencing two and a half rods west from the south-east corner of said lot, thence north two hundred and twenty feet, thence west thirty-six and a quarter feet, thence south two hundred and and twenty feet, and thence east thirty-six and a quarter feet to the place of beginning. Also the right of way perpetually over that strip of land lying contiguous to the above-described part and parcel of lot 3 in block 43, and on the west side thereof, the said road over said strip being eight feet in width along the entire western side line or boundary of the aforesaid lot herein conveyed; and on the last said date made a contract of sale with the defendant James McKnight to sell the same to him for the sum of four hundred and seventy dollars, and to receive one hundred dollars in cash down payment, and the balance to be secured by a mortgage on the premises. That the said James McKnight, pretending to be a lawyer himself, draughted the papers, and when completed read them to the plaintiff Rasmussen, as in pursuance of the contract, to wit: A deed to McKnight and a mortgage back to Rasmussen for three hundred and seventy dollars, the purchase price, and said plaintiffs executed the deed in that belief. That since that time the plaintiff Rasmussen has discovered that the said deed, as it appears upon the record, runs in the name of the wife of the said James McKnight, as grantee, to wit, the said Mary Ann McKnight. That the said plaintiff Rasmussen does not know whether the said McKnight obtained the said deed in his wife's name by misreading the same to plaintiff Rasmussen, or by obliterating his name and putting in hers; and does allege that by whatever means it was done, it was done fraudulently and for the purpose of robbing and wronging the plaintiff Rasmussen. That the said plaintiff Rasmussen has deeded and conveyed one half of the said land and one half of the cause of action herein set forth to said plaintiff Arthur Brown, to wit, on or about the fourteenth day of July, 1882. That on the twelfth day of March, 1881, plaintiff Rasmussen commenced foreclosure proceedings by suit in this court against the said James Mc-

Knight alone, the said Rasmussen at that time not knowing of the change in the grantee in his deed, and not having discovered the said frauds of said defendants, and on the twenty-ninth day of March, 1881, a decree of said court was duly made and entered, directing the sale of the above-described property, and the same was duly sold to the said plaintiff Rasmussen on the twenty-third .day of April, 1881, by the United States marshal for the territory of Utah, for the sum of four hundred and thirteen dollars and fifty cents; that the said property has never been redeemed or the said decree .paid. The said United States marshal executed a deed conveying all of the interests of said James McKnight to Rasmussen, in pursuance of the statute in such case made and provided, six months after the sale, April 25, 1881. That the said Mary Ann McKnight received the said conveyance without any consideration moving from her; that she is a party to and cognizant of the said frauds herein alleged; that the reception of the said deed by her in her name was a fraud upon said plaintiff Rasmussen.

"Plaintiffs pray judgment that the said deed to Mary Ann McKnight may be decreed to be a fraud upon the rights of the said plaintiff Rasmussen, and that the said mortgage from the said James McKnight be so corrected as to include all the interests conveyed in said deed to Mary Ann McKnight or any other person, and that said plaintiffs may be decreed to be the owners of said property, and for such other relief as may be proper in the premises, and for costs of suit.

"ARTHUR BROWN,
"R. B. TRIPP,
"Attorneys for plaintiffs."

This complaint was duly verified. To this complaint the defendants filed a demurrer as follows:

"Come now the defendants and demur to the plaintiffs' amended complaint, and for causes of demurrer allege:

"1. That there is a misjoinder of parties plaintiff and defendant in this: 1. That said plaintiff Brown is not a proper party to the action, because no profert has been made of his interest except the recital in said complaint; which shows that his interest, if any, was for the mere purpose of litigation and without consideration, and that he was not a party

to the original transaction.   2. That the said Mary A. Mc-
Knight is not a proper party defendant because she was not
a party to the original transaction, nor does the complaint
show that she is the owner of or in possession of the land in
dispute.

"2. That the complaint does not show that plaintiff
Rasmussen's claim was fully paid by former suit in fore-
closure and sale, nor that plaintiffs have been refused posses-
sion of said land by either of the defendants, nor that said
plaintiffs have made any effort to obtain possession of said
land by writ of possession or otherwise, nor that plaintiffs
have ever demanded possession of the same.

"3. That said complaint does not state facts sufficient to
constitute a cause of action.

"JAMES McKNIGHT,

"Attorney for defendant."

The complaint sets forth that the plaintiff Rasmussen was
at the time therein alleged the owner of and in possession of
certain real estate and right of way therein described, and a
contract between Rasmussen and James McKnight of sale, but
whether of the described land and right of way or for the right
of way alone is quite uncertain, but I will assume it was for
both.  The complaint also alleges that James McKnight wrote a
deed and mortgage, and read them "as in pursuance of the con-
tract"—a deed to McKnight and a mortgage back to Rasmus-
sen for the unpaid balance of the purchase money."  Down
to this time in the history of the transaction, as set forth in
the complaint, there is no allegation that either the deed and
mortgage was not in all respects written in strict compli-
ance with the agreement between Rasmussen and James
McKnight.  The allegation that since the time the papers
were read by James McKnight to Rasmussen, the plaintiff
"Rasmussen has discovered that the said deed, as it appears
upon the record, runs in the name of the wife of the said
James McKnight as grantee, to wit, the said Mary Ann Mc-
Knight," is no allegation that the deed was either frauduently
written or read by James McKnight; or of any fraud what-
ever imputable to either James McKnight or to his wife:
Pomeroy's Remedial Rights, 1st ed., 563.

If the plaintiffs claim that the deed contained a name as

the grantee therein other than the name of the person who by agreement was to be the grantee thereof, or that in this respect it was falsely read to Rasmussen by James McKnight, and that by reason of such fraud or mistake in the insertion of a wrong name as grantee, or by such false reading of the deed, he executed and delivered it in ignorance of its contents as to the grantee, then in such case, upon the proper or necessary allegations setting up the facts constituting the alleged fraud, the validity of such deed might be inquired into.

The allegation " that the plaintiff Rasmussen does not know whether the said McKnight obtained the said deed in his wife's name by misreading the same to plaintiff Rasmussen or by obliterating the name and putting in hers," is not an allegation that it was done in either way, or that there was any fraud on the part of either of the defendants, and is not an allegation of ignorance, or want of full and complete knowledge of the facts on the part of his co-plaintiff Brown ; and the further allegation "that by whatever means it was done, it was done fradulently, and for the purpose of robbing and wronging the said plaintiff Rasmussen," does not cure or help the defect.

Although it is a general rule of pleading that the plaintiff is not required to allege in detail all the minute facts constituting the alleged fraud, yet a general certainty is required in these matters, and the facts constituting the fraud complained of must appear on the face of the complaint. Fraud is a conclusion of law derived from facts, and is not to be presumed : it is found only when the facts make it apparent. A general allegation of fraud in a pleading is not good when demurred to: *The Railroad Company* v. *The Supervisors of Plumas County,* 37 Cal. 354 ; Bliss on Code Pl. 211 ; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 123 ; *Triscony* v. *Orr et al.,* 49 Id. 612.

The foregoing being in my opinion conclusive as to the sufficiency of the complaint, it is not necessary to consider the other questions raised by the demurrer, and ably presented by the brief of the counsel for the respondents.

In my opinion, the ruling of the district court in sustaining the demurrer should be sustained.