(Opinion published 52 N. W. Rep. 905.)

---

SOL SMITH RUSSELL *vs.* MANUFACTURERS' & BUILDERS' FIRE INS. CO. OF NEW YORK.

Argued June 23, 1892.   Decided July 7, 1892.

**The Written Part Controls the Printed, in a Policy.**

At the date of the issue of a fire insurance policy the premises were unoccupied. The printed part of the policy provided that it should become void if benzine, gasoline, etc., or other explosives, should be kept or used on the premises. These were the only uses of premises prohibited by the policy as hazardous. A written slip, attached to and made part of the policy, provided that the premises were "privileged to be occupied for hazardous or extrahazardous purposes." *Held,* that there was an inconsistency or want of harmony between the printed and written part of the policy, and that the latter must control; also that the use of the premises as a paint factory, in which benzine and gasoline were kept and used in the manufacture of paints, was permitted by the written part of the policy.

Appeal by defendant, the Manufacturers' and Builders' Fire Insurance Company of New York, from an order of the District Court of Hennepin County, *Smith, J.*, made March 2, 1892, denying a new trial.

On June 6, 1889, defendant issued to plaintiff, Sol Smith Russell, its policy of insurance for three years in the sum of $2,500 against loss by fire on his five story brick and stone building situate on Fifth Street, Minneapolis. The policy was the Minnesota standard form and contained a stipulation that it should be void if there should be kept, used, or allowed on the premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine or other explosives, phosphorus, or petroleum, or any of its products of greater inflammability than kerosene oil of the United States standard, unless otherwise provided by agreement indorsed thereon or added thereto. Attached to the policy was a typewritten slip containing among others these words, "privileged to be occupied for hazardous and extra-hazardous purposes." When it was insured, the building was unoccupied, and so continued until February 1, 1891, when it was leased to, and occupied by, the Clare-Speaker Co. for a paint factory and store. The tenant kept and used in its business in the building, benzine, gasoline and naphtha. On February 26, 1891, the building was injured to the amount of $16,560, by fire originating on the premises. There was other insurance. The proportion of the loss chargeable to the defendant was $2,300, with interest from June 21, 1891. This action was to recover this sum. The defendant contended that the policy was void on account of the use in the building of benzine, gasoline and naphtha. The court directed the jury to return a verdict for the plaintiff for the amount claimed. The defendant excepted, moved for a new trial, and being denied, appealed.

*Shaw & Cray* and *George A. Clement*, for appellant.

The clause specifically prohibiting the use of benzine, gasoline and naphtha was legally operative as a part of the contract when it was made and accepted in June, 1889. The privilege to occupy the

building for hazardous and extra-hazardous purposes, written into the policy, did not necessarily destroy the operative force of the special prohibitory clause. *Weed* v. *London & L. Ins. Co.*, 116 N. Y. 106; *Allen* v. *German-Amer. Ins. Co.*, 123 N. Y. 6; *Bowlin* v. *Hekla Fire Ins. Co.*, 36 Minn. 433; *Bass* v. *Veltum*, 28 Minn. 512; *Goldin* v. *Northern Assur. Co.*, 46 Minn. 471; *McFarland* v. *St. Paul Fire & Mar. Ins. Co.*, 46 Minn. 519.

The natural and reasonable construction, reconciling both the written and the printed clauses is, that the property being vacant, and no particular occupancy being at the time contemplated, the parties agreed that it might be occupied for any dangerous purpose which did not include the keeping or using of benzine, gasoline or naphtha. It is the law that such construction should be made by the court, and not one making a conflict. *Miller* v. *Hannibal & St. Jo. R. Co.*, 90 N. Y. 430; *Frost's Detroit Lumber Works* v. *Millers' Mut. Ins. Co.*, 37 Minn. 300; *Symonds* v. *Northwestern Mut. Life Ins. Co.*, 23 Minn. 491; *Cole* v. *Western Union Tel. Co.*, 33 Minn. 227; *Gunther* v. *Liverpool, etc., Ins. Co.*, 134 U. S. 110; *Garretson* v. *Merchants', etc., Ins. Co.*, 81 Iowa, 727; *Kratzenstein* v. *Western Assur. Co.*, 116 N. Y. 54.

The general written privilege to be occupied for hazardous or extra-hazardous purposes is not ambiguous. If the eyes of the court rest upon this clause alone, it would be an unlimited permission to occupy for any dangerous purpose. This general privilege standing by itself does not present a case of ambiguity or double meaning, but of an unqualified, unlimited one. It is the duty of the court to look at both these clauses and to reconcile them by regarding one as a limitation or qualification of the other, thereby making both effective as harmonious parts of the same contract.

*Kitchell, Cohen & Shaw*, and *Robert D. Russell*, for respondent.

The written part of the policy, being repugnant to the printed clause relating to the keeping of benzine, naphtha, etc., the written part must stand as the contract between the insurer and the insured and the printed prohibition must be considered as nullified. Where different parts of a contract cannot stand together, they must be held

to modify or qualify each other so far as may be necessary to make them, in effect, consistent with each other. If they cannot thus be made consistent one or the other must be rejected. In determining which of two inconsistent provisions of a contract must yield to the other, the language will be construed most strongly against the party using it. *Symonds* v. *Northwestern Mut. Life Ins. Co.*, 23 Minn. 491; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405; *Minnock* v. *Eureka Fire & Mar. Ins. Co.*, 90 Mich. 236; *McAllister* v. *New England Mut. Life Ins. Co.*, 101 Mass. 558.

There is a repugnancy between the written and printed parts of the policy, in that the written words are broad enough to include an occupancy using benzine and naphtha, and the printed clause prohibits their use without permission. When such a repugnancy exists the written slip must control. *Phœnix Ins. Co.* v. *Taylor*, 5 Minn. 492, (Gil. 393;) *Broadwater* v. *Lion Fire Ins. Co.*, 34 Minn. 465; *Hall* v. *Insurance Co. of North America*, 58 N. Y. 292; *Haley* v. *Dorchester Mut. Fire Ins. Co.*, 12 Gray, 545.


MITCHELL, J. When the policy in suit was issued the insured premises were vacant and unoccupied. The printed part of the policy contained a condition that the entire policy should be void if there should be kept, used, or allowed on the premises benzine, gasoline, etc., or other explosives. But at the time the policy was issued a typewritten slip was attached to and made part of it, providing that the premises were "privileged to be occupied for hazardous and extrahazardous purposes." Afterwards, and at the time of the loss for which it is sought to recover, the premises were occupied as a paint factory, in which benzine and gasoline were kept and used in the manufacturing of paints. Defendant's contention is that the policy was avoided by keeping and using benzine and gasoline on the premises. It concedes that the terms "hazardous" and "extrahazardous" have no technical meaning, and must be taken in their ordinary and popular meaning of dangerous and extradangerous; also that the general privilege of occupying the premises for "hazardous" and "extrahazardous" purposes would, if taken by itself, authorize their occupancy for a business in which benzine and gasoline are kept and

used; but its contention is that the general written privilege is qualified and limited by the special printed prohibition, so that the policy should be construed as meaning that the premises might be occupied for any hazardous or extrahazardous purpose which did not include the keeping or using of benzine, gasoline, etc., or other explosives.

An examination of the policy shows that no uses of the premises were prohibited as hazardous or extrahazardous except those specified in the printed condition referred to. Therefore the written clause granting the privilege to occupy the premises for hazardous purposes had no office to perform, unless to change or modify the printed provision relating to the same subject. Consequently, if defendant's contention is to prevail, the policy means exactly the same as if the written part had not been incorporated into it. Had the written slip contained specific permission to use the building as a paint factory, then clearly, within the doctrine of *Phœnix Ins. Co.* v. *Taylor,* 5 Minn. 492, (Gil. 393,) it would have controlled and modified the printed part so as to permit the keeping and use of benzine, gasoline, or any other article ordinarily kept and used in the manufacture of paints. In the present case, although the premises were unoccupied, a future occupancy, and for a hazardous or extrahazardous purpose, was contemplated, but what particular purpose was then unknown. Hence the parties contracted that they might be used for such purposes without limitation; that is, for any hazardous or extrahazardous purpose. While doubtless there are many such purposes that do not involve the keeping and use of benzine and gasoline or other explosives, yet hazardous or extrahazardous purposes do include those in which such substances are used, and which are therefore included in the general permission contained in the written part of the policy.

Defendant asks that this permission, which is unlimited in terms, be qualified and limited by adding thereto, by implication, "except as hereinafter provided."

On the same line of reasoning the court should in the *Taylor Case,* *supra,* have construed the policy as permitting the keeping of any goods usually kept in a general retail store except such as were prohibited by the printed part of the policy. We are unable to see the

:force of defendant's argument, based upon an attempted distinction between a permission limited to a particular specified purpose of a ·hazardous nature, and a general permission to occupy for any haz-:ardous purpose, without specifying them. If the former would be, as to the specified purpose, inconsistent with the printed part of the policy, the latter would be equally so as to any and all hazardous purposes.

In fact, as already suggested, it is necessary to so construe the ·written part of the policy in order to give it any effect whatever; for the only purposes which are prohibited by the printed part are those which, according to defendant's construction, are to be excepted :from the operation of the written part.

We are of opinion that there is an inconsistency or want of har-·mony between the written and the printed part of this policy, and, .according to a familiar rule, the former, as more expressive of the intention of the parties, must control; and according to the written part, as we have construed it, the use to which these premises were .being put at the time of the loss was permitted.

Order affirmed.

(Opinion published 52 N. W. Rep. 906.)