NORTH BRITISH MERCANTILE INSURANCE COMPANY v. THE
FIRST NATIONAL BANK OF TYLER.

No. 167.

**1. Garnishment — Rights of Assignee of Debt Garnished. —** Loss having occurred on a policy of insurance issued by appellant, and the loss having been adjusted thereafter, the policy was assigned by the insured to appellee, and notice of the assignment given appellant. Thereafter appellant was garnished by a creditor of the insured in Illinois, and when appellee sued on the policy for a recovery, answered setting up the garnishment proceedings, and asking a stay of proceedings and a continuance. *Held*, that both were properly denied.

2. **Same—Delaying the Suit on the Policy.**—Appellee was not a party to the garnishment suit, and the court in which that proceeding was instituted acquired no jurisdiction over appellee. Its right to the money due upon the policy accrued before service of the garnishment, and it is clear that appellee would not be bound by any judgment in the garnishment suit; wherefore, it would have been futile to require appellee to await the rendition thereof.

3. **Same — Rule when the Defendant in the Garnishment Sues His Debtor.**—When the defendant in garnishment sues his debtor for the claim attached by the writ, the authorities hold that pendency of such suit is sufficient either to abate the suit, or suspend judgment, or stay execution in behalf of the creditor of the garnishee; but this is not such case, and those authorities do not apply here.

APPEAL from Smith. Tried below before Hon. BENJAMIN B. BEARD, County Judge.

*Ben B. Cain*, for appellant.—1. The pendency of a prior action by foreign attachment in another jurisdiction, which binds the debt, may always be set up by way of defense to a suit by the defendant in the attachment to recover the same debt. Harvey v. Railway, 52 N. W. Rep., 906; Embree v. Hanna, 5 Johns., 101; Wallace v. McConnell, 13 Pet., 136; Bank v. Rollins, 99 Mass., 313; Railway v. May, 25 Ohio St., 347; 2 Kent Comm., 122.

2. Suit pending in Illinois, if not good in abatement, was at all events good ground for a continuance while the attachment proceedings were pending. Harvey v. Railway, 52 N. W. Rep., 906; Drake on Att., secs. 700, 701; Blair v. Hilgedeck, 45 Minn., 23; Brooks v. Smith, 1 Salk., 280; Wheeler v. Raymond, 8 Cow., 315; Andrew v. Herriot, 4 Cow., note p. 521; Roche v. Ins. Assn., 2 Brad., 360.

No brief for appellee reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant issued to Lavender, Hunter & Co., of Tyler, Texas, a policy of insurance against loss by fire on a stock of goods situated in that town. A loss having occurred, and having been proved and adjusted, Lavender, Hunter & Co. assigned to appellee, also resident at Tyler, their policy and all their rights under it. This assignment was made March 7, 1891, and appellant was duly notified of it the same day.

On March 10, 1891, creditors of Lavender, Hunter & Co. sued them in Illinois on a debt, and caused a garnishment to be issued and served on appellant, requiring it to answer as to any indebtedness which it owed to that firm. June 15, 1891, appellant filed its answer to the interrogatories propounded to it in the garnishment proceeding, stating the facts as to the policy of insurance, the assignment of it to appellee, and notice thereof served by appellant.

This suit was brought upon the policy by appellee, as assignee, August 3, 1891, to recover the amount due on it.

Appellant filed its answer, setting up the pendency of the garnishment proceedings in Illinois, and asking that this suit be abated or judgment suspended until the determination of that action. Appellant also, when the cause was called for trial, made application to have it continued upon the same grounds. The court sustained exceptions to the plea, overruled the application for continuance, and, upon hearing, rendered judgment for appellee, from which this appeal is taken.

The ruling sustaining exceptions to the answer and refusing to continue the cause is assigned as error.

The court is of opinion that the action of the court below was correct. · Appellee was not a party to the garnishment suit, and its rights could not be affected by the judgment which might be rendered therein. As such judgment would not be binding when rendered, it would have been futile to require appellee to await the rendition thereof. That it would not be bound by any judgment in the garnishment suit is, we think, quite clear. Its right to the money due upon the policy accrued before the service of the garnishment. The court in which that proceeding was instituted acquired no jurisdiction over appellee and no power to deprive it of the right acquired by the assignment. Drake on Att., sec. 703a; Cooper v. McClure, 16 Ill., 435; Lawrence v. Lane, 9 Ill., 354; Wilson v. Murphy, 45 Mo., 409; Funkhouser v. How, 24 Mo., 44.

The authorities cited in appellant's brief, so far as we have been able to get them, except one, seem to be cases in which the defendant in the garnishment sued his debtor upon the claim attached by the writ. Embree v. Hanna, 5 Johns., 101; Wallace v. McConnell, 13 Pet., 136; Bank v. Rollins, 99 Mass., 313; Railway v. May, 25 Ohio St., 347; 2 Kent Com., 122; Blair v. Hilgedick, 45 Minn., 23; Wheeler v. Raymond, 8 Cow., 315; Andrews v. Herriot, 4 Cow., note p. 521.

In such cases the pendency of the garnishment is held to be sufficient either to abate a suit, or suspend judgment, or stay execution in behalf of the creditor of the garnishee, the defendant in the writ.

The rule has no application when an assignee, who has acquired a right to the debt sought to be reached by garnishment before the service of it, sues to enforce collection. Authorities first cited.

The case of Harvey v. Railway, 52 N. W. Rep., 906, decided by the Supreme Court of Minnesota, was a case in which an assignee of the claim sought to enforce it by suit against the debtor, who had been garnished by a creditor of the assignor. It was held, that the plea of the garnishee setting up the garnishment proceeding was sufficient to suspend the suit of the assignee until the determination of the suit in which the writ was issued. The report of the case does not show whether the assignment of the debt was made before or after the service of the garnishment. Through-

out the opinion the rights of the assignee are assumed to be the same as those of the defendant in the garnishment, and we do not consider that case an authority to sustain appellant's position.

The debt was created in Texas; the contract was made and to be performed here. By the laws of this State the claim was assignable, and the assignee took the title when it was transferred to it.

The cases of Hull v. Blake, 13 Massachusetts, 153, and Cottle v. American Screw Company, 13 Rhode Island, 527, have no application.

The judgment is affirmed.

*Affirmed.*

Delivered May 11, 1893.