# Lide *v*. Park *et al.*

*Bill in Equity for Accounting and Other Purposes.*

* [Decided Jan. 14th, 1902.]

1. *Appeal from decree sustaining demurrer to bill, when must be taken; Code, sec. 427.*—An appeal from a decree sustaining a demurrer to a bill in equity, taken after the lapse of thirty days from the rendition of the decree, will be dismissed on motion, although taken within thirty days after the expiration of the time allowed by the decree for amending the bill.

2. *Decree dismissing bill; what is not.*—A decree sustaining demurrers to a bill, reciting that "complainant has thirty days within which to amend said bill so as to give it equity or it will stand dismissed," does not dismiss the bill, and a subsequent order is requisite to finally effect the dismissal.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

This was a bill in equity filed by Frank W. Lide against Lemuel Park and others, and sought to declare and enforce a constructive trust, and an accounting. Demurrers to the bill were sustained by decree rendered May 29th, 1900, which recited: "Complainant has thirty days in which to amend said bill so as to give it equity or it will stand dismissed." The appeal was taken on July 27th, 1900. A motion is here made by appellees to dismiss the appeal because not taken within the time allowed by law.

[Lide v. Park *et al.*]

BLAKEY & BLAKEY, for movants, cited Code, § 427; 2 Ency. of Pl. & Pr., pp. 239-243.

JAMES WEATHERLY, GORDON MACDONALD, and O. C. MANER, *contra.*

SHARPE, J.—Authority for appealing from an interlocutory decree sustaining a demurrer to a bill in equity is found alone in section 427 of the Code. By that section time for taking an appeal in such case is limited to thirty days after the rendition of such decree, and no exception is made as to cases where time has been allowed for amending the bill. The appeal in this case having been taken after the lapse of thirty days from the decree sustaining the demurrer though within thirty days after expiration of the time allowed for amendment was unauthorized and is therefore not within the jurisdiction of this court. Had complainant, when the demurrer was sustained elected to stand on that ruling and suffered the bill dismissed the decree of dismissal would have been appealable under the twelve months statute applicable to final decrees; but the provision contained in the decree on demurrer that "complainant has thirty days within which to amend said bill so as to give it equity or it will stand dismissed," did not of its own force dismiss the bill or determine that suit or right in respect of its subject matter, and therefore is not a final decree. That order contains what is equivalent to a direction for a dismissal upon a contingency and in such case a subsequent order is requisite to finally effect the dismissal. See *Ex parte McLendon,* 33 Ala. 276; *Reese v. Billing,* 9 Ala. 263; *Jones' Admr. v. Craig,* 127 U. S. 213; *Phipps v. VanCott,* (N. Y.) 4 Abb. Prac. 90; *Railroad Co. v. Fosdick,* 106 U. S. 69; 5 Ency. Pl. & Pr., 951, 952.

The motion to dismiss the appeal will be granted.