[No. 6590.  Decided December 29, 1906.]

THE STATE OF WASHINGTON, *On the Relation of Dollie A. Piper, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

MANDAMUS—TO JUDGE—TO COMPEL TRIAL—ADEQUATE REMEDY BY APPEAL.  Mandamus to compel a judge to proceed with the trial of a cause does not lie where he refused to proceed for supposed want of jurisdiction, and did not refuse to enter an order of dismissal of the action, since there was an adequate remedy by appeal from the order of dismissal.

Application filed in the supreme court December 26, 1906, for a writ of mandate to compel the superior court for Spokane county, Poindexter, J., to proceed with the trial of an action for the annulment of a void marriage.  Writ denied.

*Roche & Onstine*, for relator.

*Carroll A. Gordon*, for respondent.

PER CURIAM.—This is an application for a writ of mandamus to compel the superior court of Spokane county and Honorable Miles Poindexter, as judge thereof, to proceed to the trial of a cause brought by the relator for an annulment of a void marriage between the relator and one William E. Piper.  The court, upon objection made by the prosecuting attorney during the trial of the cause, refused to proceed with the trial, and held that it had no jurisdiction to try the cause,

[1]Reported in 87 Pac. 1120.

for the reason that the service had been by publication instead of by personal service, and that there was no provision of law for obtaining jurisdiction in such case by publication. Thereafter the plaintiff filed a motion for a new trial in said action, which motion was denied by the court.

Neither the application of the relator nor the transcript which accompanies the application shows that the court was asked to, or refused to, enter a judgment of dismissal of the action. If such judgment of dismissal had been made, an appeal would have lain from such judgment to this court, and such appeal would have been an adequate remedy. The petition and the accompanying record failing to show that the court refused to do any act the omission of which would deprive the relator of her right to appeal, the writ cannot be allowed, and is therefore denied.