# Montgomery Iron Works Co. v. Capital City Ins. Co.

## *Garnishment.*

(Decided June 30, 1909.—50 South. 358.)

*Interest; Time; Judgment.*—Where the original judgment found the liability of one B. to be principal $5,520.00, and interest from the filing of the bill in 1896, and on appeal the principal sum was reduced to $4,600.00 but the decree was affirmed in all other respects, and the cause remanded, the trial court properly calculated interest on the amount fixed by the Supreme Court as to the liability of B, from the filing of the bill in 1896 to the date of the filing of the decree in 1904, and with such new sum as a new principal properly calculated interest on same from that date.

APPEAL from Montgomery City Court.

Heard before HON. A. D. SAYRE.

The Capital City Insurance Company sued the Montgomery Iron Works and had garnishment in aid of suit to Baldwin and others. From a judgment fixing the interest upon the decree rendered, defendants and garnishees appeal. Affirmed. See also 154 Ala. 663; 44 South. 1044.

HORACE STRINGFELLOW, for Appellant. Counsel insist that the court erred in fixing the amount due by the appellant Baldwin, but cites no authority in support of his contention.

GUNTER & GUNTER, for appellee. Counsel insist that there was no error in the judgment, but cite no authority in support of their contention.

PER CURIAM.—The original decree, as rendered below, adjudged the liability of Baldwin to be $9,200, $5,520 being principal and the remainder interest from

the date of the filing of the bill, viz: June 17, 1896. On appeal this court found the principal sum erroneous, holding that it should have been $4,600 instead of $5,-500. As to Baldwin the decree appealed from was in all other respects affirmed, but the cause was remanded for further proceedings below. Proceeding there, the court calculated the interest on the sum fixed by this court from June 17, 1896, to the date of the decree (May 23,1904), corrected by this court, and, constituting that combined sum principal, then rendered judgment for that sum, with interest thereon from May 23, 1904, and directed execution to so issue.

As we understand the objection to the decree, it is that a rest on interest should not have been taken as of the date of the May 23, 1904, decree, or, otherwise stated, that the interest accruing up to May 23, 1904, should not have been treated as principal, upon which interest was chargeable. The contention of appellant cannot be sustained, unless the decree of this court can be held to have annulled the decree of May 23, 1904, rendered by the city court. The decree here cannot be given that effect. As to Baldwin the decree of May 23, 1904, was affirmed as rendered, except that the amount thereof was found by this court to be excessive. This court took the course of correcting, not of reversing, the decree below in that particular. The correction was accomplished by the substitution of a correct sum for the incorrect sum adjudged in the decree of May 23, 1904. The effect of the course and action taken was not to render a decree here in lieu of that the city court should have rendered. If such had been the purpose of this court, it could only have done so by reversing that decree in the particular in which it was found erroneous, and then either remanding the cause for the ascertainment by the lower court of the principal sum

for which Baldwin was liable, or proceeding here to render the decree that should have been rendered in ascertainment and adjudication of the principal for which Baldwin was so liable. Avoiding either of these courses, this court sustained the decree as to Baldwin's liability, after merely correcting it as to amount of the principal. The interest was, of course, merged into the principal, and into the judgment of May 23, 1904, and the aggregate of that sum created a new principal, upon which, from May 23, 1904, interest was chargeable. The court below so ruled, and its action must be sustained.

Affirmed.

SAYRE, J., not sitting.