[No. 11103. Department Two. May 12, 1913.]

THE STATE OF WASHINGTON, *on the Relation of John F. Murphy, Prosecuting Attorney, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

JUDGMENT—FINAL ORDERS—CONCLUSIVENESS. An order that a disbarment proceeding be dismissed, after thirty days, unless a civil action be instituted within that time, is not a final order or judgment.

SAME. An order refusing to set a disbarment proceeding for trial, on the ground that a previous order (a contingent dismissal) had rendered it improper, and a subsequent order to the effect that the two previous orders had fully determined, settled and dismissed the proceeding, are not final orders or judgments where neither contained operative words changing the status of the action, but were mere expressions of opinion as to the legal effect of the first order.

MANDAMUS—TO COURTS—PROCEEDING TO FINAL JUDGMENT. Mandamus lies to compel the superior court to proceed to a final judgment in a cause, where upon request it refuses to do so under the

[1]Reported in 131 Pac. 1136.

erroneous belief that the cause has been finally dismissed; since there is no adequate remedy by appeal.

MANDAMUS—TO COURTS—CONDITIONS PRECEDENT—REQUESTS—SUF-
FICIENCY. Upon an application for a writ of mandamus, a motion to set a case for trial "or otherwise proceed therewith" is a sufficient request to the court to dismiss the action if the request to set the cause for trial is denied.

MANDAMUS—PROCEEDINGS—LACHES. There is no laches in apply-
ing on March 24th for a writ of mandamus to compel the court to proceed to final judgment in a cause, where the last order refusing to proceed was entered on the preceding February 25th.

Application filed in the supreme court March 24, 1913, for a writ of mandate to compel the superior court for King county, Humphries, J., to proceed with the trial of a cause. Granted.

*John C. Higgins*, for relator.

*Hastings & Stedman, Guie & Guie*, and *Jay C. Allen*, for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus.

So far as now material, it appears that a disbarment pro-
ceeding had been instituted in the superior court of the state of Washington for King county, against Herbert E. Snook, a duly licensed and regularly practicing attorney. The cause came on regularly for trial on the 27th day of June, 1912. After the relator had made his opening statement, the respondent objected to proceeding further, for the rea-
son that it appeared that no civil action had been begun against the respondent by one A. H. Tantow, with whom, it was charged, the respondent in his transactions had been guilty of professional misconduct. Thereupon the court re-
fused to proceed with the trial at that time and entered the following order, which was filed on July 3, 1912:

"It is ordered that the further hearing of this matter be and the same is hereby postponed and continued for the period of thirty days from this date;

"It is further ordered that if within thirty days from this date A. H. Tantow shall institute an action against respondent herein upon the matters set forth in the complaint in this action, then and in that event this action be further stayed until the determination of such suit or suits so instituted by the said A. H. Tantow, but in case the said Tantow should fail or neglect to so institute an action against the said Herbert E. Snook upon said matters, within the period of thirty days from this date, then and in that event this action be dismissed, and the objection of the respondent to the introduction of any testimony be sustained in such event.

"Relator excepts to the above order and to each part thereof on the ground that it is unwarranted by law, and exception is allowed.

"Done and ordered this....day of June, 1912.
                                "Daniel H. Carey, Judge."

Thereafter a civil action was not begun by Tantow within the thirty days specified in the order, or at all. The matter again came on for hearing before the superior court on the 23d day of November, 1912, upon the application of the relator to set the cause for trial, and the court thereupon entered an order which, so far as material, is as follows: The court

"being fully advised, refused and declined to set the said cause for trial because and for the reason of the order heretofore made herein by the Honorable D. H. Carey, Judge, then presiding in this court, on the......day of June, 1912; and the court finding, because of said order, it would be improper to set the case for trial, as asked for, or at all,—

"Wherefore, by reason of the law and the premises, it is ordered, that the motion to set this cause for trial, be and the same is hereby denied, to which the relator excepts, and his exception is allowed.

"Done in open court this 14th day of December, 1912.
                                "H. A. P. Meyers, Judge."

Subsequently, and on the 15th day of February, 1913, the cause again came on regularly to be heard before the superior court, upon the application of the relator "for an order of this court to set the case for trial or to otherwise

proceed therewith." Thereupon the court entered an order, the material parts of which are as follows:

"The court finding that this cause came on regularly to be tried before this court on the 27th day of June, 1912, that at said time this court made an order and entered a judgment herein to the effect that this cause should be continued for the period of thirty days, within which time A. H. Tantow should commence an action and if said action was not so commenced within said period of thirty days that this cause should be deemed dismissed. And the court further finding that no such action was commenced by the said A. H. Tantow within said period of thirty days or at all, but that on the contrary the said Tantow has refused and declined to commence any action, and it further appearing to the court and the court finding that heretofore, to wit: On the . . . . day of December, 1912, the relator herein made a motion herein to have this cause set for trial, and that the court having considered said motion and the affidavits filed in support thereof did decide and hold that the order heretofore entered on the . . . . day of June, 1912, was self executing and that this cause was dismissed, did enter an order herein declining to set this cause for trial at said time or at all, and the court again finding that the previous orders herein have fully determined, settled and dismissed this cause, does now for said reasons deny the motion herein to assign this case for trial, to which the relator excepts and his exception is allowed.

"Done in open court this 25th day of February, 1913.

"John E. Humphries, Judge."

Following this and on March 24, 1913, the relator herein filed his application in this court, praying for a writ of mandamus directed to the Honorable John E. Humphries, as judge of the superior court, commanding him to set the cause for trial, or to otherwise proceed therewith.

The respondent contends that the above mentioned orders were final judgments, and that the relator's remedy is by appeal. The relator contends that none of the above orders were final, and that he has no right of appeal therefrom. These respective contentions present the principal question

to be determined upon this application, which is, Has a final judgment been entered in the cause?

It is clear that if any one of the orders above referred to is in effect a final judgment, there is an adequate remedy by appeal therefrom, and in that event, the writ of mandamus should be withheld.

In *State ex rel. Townsend Gas & El. L. Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933, it is said:

"But, in addition, it plainly appearing that there is an adequate remedy by appeal, we take this opportunity of announcing the law of this state to be that extraordinary writs of this character [mandamus] will not be allowed to issue when there is an adequate remedy at law."

A final judgment is one which disposes of the controversy, either by dismissing the cause before hearing is had upon the merits, or, after trial, by rendering judgment in favor of one or the other of the parties to the action.

In 23 Cyc. 672, it is said:

"Judgments may be either final or interlocutory. A final judgment is one which disposes of the case, either by dismissing it before a hearing had upon its merits, or after trial, by rendering judgment either in favor of plaintiff or defendant. An interlocutory judgment is one which determines some preliminary or subordinate point or plea, or settles some step, question, or default arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties. No judgment is final which does not determine the rights of the parties."

The first of the three orders, that entered on July 3, 1912, provides that the action be dismissed upon the happening of a contingency which may or may not occur. It appears to be well settled by the authorities that an order of this character is not a final judgment; but after the happening of the event, or the failure of the event to happen, upon which the cause was to be dismissed, it is necessary to enter a subsequent judgment of dismissal.

In *Jones v. Craig*, 127 U. S. 213, an order had been entered providing that if within fifteen days the plaintiff in the action bring into court the amount of a note and mortgage with interest thereon, together with taxes paid upon certain land, that in that event the defendant be restrained from the further prosecution of an ejectment action, but if the plaintiff should fail to bring the money into court within the time specified it was provided that the bill of complaint be dismissed. The court, in passing upon the question as to whether the order amounted to a final judgment, used this language:

"This court, however, has no jurisdiction of the case as it stands, because the order just cited is not a final decree. Something yet remains to be done in order to make it such, and that action depends upon whether or not the complainants will comply with the order to bring in the sum due on the mortgage. If that order is complied with, then a decree should be made, upon the hypothesis on which the order was made, in favor of the complainants in the bill, and quieting their title. If, however, the money is not brought into court, then, according to the theory of the order, the bill of complaint should be dismissed. But, even assuming the right of the court to make the order, as well as its validity, the circumstances under which the bill of complaint is to be dismissed or the relief granted to the complainants named therein, and the sum to be paid, are matters which are yet to be determined, which may turn out either one way or the other, and which, when ascertained, will be the foundation for a final decree."

To the same effect see: *Lide v. Park,* 132 Ala. 222, 31 South. 360; *Robertson v. Montgomery Base Ball Association,* 140 Ala. 320, 37 South. 241; *Stratton v. Dewey,* 79 Fed. 32.

The inquiry then arises whether either of the subsequent orders was in effect a final judgment and operated to dismiss the action. In the first of these, that of December 14th, 1912, the court finds that, by reason of the previous order, it would be improper to set the case for trial, and therefore the motion was denied. The last of the three orders, that of

February 25th, 1913, provides that, in the opinion of the superior court, the two previous orders had determined, set-tled, and dismissed the cause, and for that reason the motion to set the cause for trial was denied. In neither of the latter orders can there be found operative words which, in their effect, change the status of the action. It is plain that neither of these orders disposes of the case. They are, in effect, the expression of an opinion on the part of the court as to the legal effect of the first order. This expressed opinion as to the legal effect of a previous order or orders is not controlling upon the appellate court.·

In *Robertson v. Montgomery Base Ball Ass'n*, 140 Ala. 320, 37 South. 241, it is said:

"The order or decree 'that the motion to dismiss the bill for want of equity is well made and is sustained, and unless complainant amends the bill so as to give it equity in two days after the enrollment of this decree the bill shall stand dismissed,' is not a decree dismissing the bill which will support an appeal. *Lide v. Park*, 132 Ala. 222, 31 South. 360.

"The further deliverance of the chancellor that 'it is decreed that the filing of the amendment by complainant on April 13, 1904, operated a dissolution of the injunction' is not a decree dissolving the injunction. It is no more than the expression of the chancellor's opinion as to the effect of the amendment. If that opinion is correct, the complainant dissolved his own injunction. If the amendment did not have the effect to dissolve the injunction, there has been no dissolution of it."

It is clear that none of the orders were, in legal effect, a final judgment. There was nothing from which the relator could appeal. Hence, his remedy must be by application for a writ of mandamus requiring the trial court to proceed with the cause to a final judgment.

It is argued, however, that the issuance of the writ will in effect control the judgment or discretion of the trial court upon the merits, and that this is not the function of the writ. It is true that the judgment or discretion of the trial court

cannot be controlled in a proceeding of this character. But if the trial court refuses to proceed to a final judgment in a cause, it may be required to do so by a writ of mandamus. It is not the office of the writ to determine how the cause shall be disposed of, but it is its function to require the court to make some final disposition thereof. *State ex rel. Puget Sound Nat. Bank v. Superior Court*, 14 Wash. 686, 45 Pac. 670; *State ex rel. Romano v. Yakey*, 43 Wash. 15, 85 Pac. 990.

In the first of these cases it is said:

"Respondent insists that to grant the writ prayed for would be in effect to control the discretion of the trial court, and to compel it to decide a question submitted to it in a particular way, and that the court's discretion cannot be thus controlled by mandamus. But it is a sufficient answer to this proposition to observe that the court did not possess discretionary authority to stay the proceedings indefinitely for the cause shown, and in such cases, there being no remedy by appeal, the appellate court will award a mandamus in the nature of a *procedendo* to compel the trial court to proceed with the cause."

It is contended that where the trial court refuses to proceed with the action, that the writ of mandamus will not issue to compel him to proceed, in the absence of a request having been made that the action be dismissed; and in support of this proposition, the case of *State ex rel. Piper v. Superior Court*, 45 Wash. 196, 87 Pac. 1120, is cited. In that case the court declined to proceed with the cause, and motion for new trial was made and denied. Thereupon an application was made to this court for the writ. And it was there held that, inasmuch as no application had been made to the court to enter a judgment of dismissal, a sufficient showing had not been made. That case is distinguishable from the present case in this: Here, the relator moved the court to set the cause for trial, or to otherwise proceed therewith. The court refused to set the case for trial, and did not proceed otherwise. There were but two ways open in which the

court could proceed, the one being a final determination of the case on the merits, the first step in which would be the setting of the case for trial; and the other, to enter a judgment of dismissal. The language of the motion, "or otherwise proceed therewith," was, therefore, in effect, a request to the court to dismiss the action if the request to set the cause for trial were denied.

Finally, it is urged that the relator has been guilty of laches. The last of the three orders was entered on the 25th day of February, 1913. On March 24th thereafter, the present application was made. We think the contention that the relator has been guilty of laches which would deprive him of the right to the writ is without merit.

The writ will issue, directed to the superior court of the state of Washington for King county, and the Honorable John E. Humphries, as one of the judges thereof, to take jurisdiction of the cause and proceed therewith to a final judgment.

CROW, C. J., ELLIS, PARKER, and MOUNT, JJ., concur.