(84 South. 555)

ORR et al. v. STEWART. (8 Div. 623.)*

(Court of Appeals of Alabama. Nov. 11, 1919. Rehearing Denied Dec. 16, 1919.)

APPEAL AND ERROR ⊜⟹80(2) — AN APPEAL WILL NOT LIE FROM CONDITIONAL GRANT OF NEW TRIAL.

Under Code 1907, § 2846, as amended by Acts 1915, p. 722, an appeal can be taken from a decision on a motion for new trial only where the motion is granted or refused, and where the trial court, on motion for new trial, entered an order reciting that, unless the successful parties filed remittitur, new trial would be granted, such decision was not appealable, for judgment, to be appealable, must be definite, and must purport to be an absolute sentence of law.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by S. E. Stewart against Lattie B. Orr and others. An affirmative judgment for defendants was rendered, and on plaintiff's motion for new trial the court made an order providing that, if defendants did not file remittitur, the motion would be granted. From such order, defendants appeal. Appeal dismissed.

Plaintiff in the court below brought suit against the defendants on a promissory note executed by them and payable to plaintiff. On the trial, proper pleas having been filed and issue joined, defendants recovered judgment over against plaintiff. On motion by plaintiff to set aside the verdict and for a new trial, the court made the following order:

"This cause coming on to be further heard upon plaintiff's motion to set aside the verdict and judgment rendered in this cause, and being submitted to and duly considered by the court, it is ordered and adjudged by the court that said motion be granted unless the defendants, within 30 days from this date, file in court a remittitur of all damages against plaintiff, and that the plaintiff have and recover of the defendants the costs in this behalf expended, for which let execution issue."

E. C. Nix, of Albany, and E. W. Godbey, of Decatur, for appellants.

The judgment had become absolute. 18 Ala. 495; 5 Ala. 258; 218 U. S. 422, 31 Sup. Ct. 64, 54 L. Ed. 1093; 3 Corpus Juris, 451. Counsel discuss other assignment of error, but it is not deemed necessary to here set it out.

Sample & Kilpatrick, of Hartsell, for appellee.

Counsel discuss assignment of error, but without reference to matter decided in the opinion.

SAMFORD, J. Section 2846 of the Code of 1907, as amended by Acts 1915, p. 722, only authorizes an appeal from decisions on motions for new trials, where the motion shall be granted or refused. The statute presupposes a final determination of the matter. The order in this case does not grant the new trial, but in effect says it will be done unless the defendants do certain things. To be a judgment from which an appeal will lie, "It must be definite. It must purport to be the absolute sentence of the law, as distinguished from a direction to the effect that a judgment may be entered." Black on Judgments, vol. 1, § 3. The Supreme Court has expressed similar views in the following cases: Ex parte McLendon, 33 Ala. 276; Lide v. Park, 132 Ala. 222, 31 South. 360; Ex parte Bradshaw, 174 Ala. 245, 57 South. 16; Threadgill v. Dixie Industrial Co. (Sup.) 80 South. 391.[1] As there is no judgment sufficient to give this court jurisdiction, it follows that the appeal must be dismissed.

Appeal dismissed.

---

(84 South. 884)

SCHAFFER v. STATE. (1 Div. 333.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Fred Schaffer was convicted of violating the prohibition law, and he appeals. Affirmed.

C. W. Tompkins, of Mobile, for appellant.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

MERRITT, J. The defendant was found guilty of violating the prohibition law (Code 1907, §§ 7352–7377) and sentenced to hard labor. There is no bill of exceptions in the record, and the time for presenting the same has expired. No errors appearing in the record, the judgment of conviction must be affirmed.

Affirmed.