(109 So. 563)

### PERKINS v. STATE.    (6 Div. 872.)

(Court of Appeals of Alabama.    Jan. 19, 1926. Rehearing Denied Aug. 31, 1926.)

**1. Criminal law ☞1095.**

Motion to strike bill of exceptions duly presented and signed by trial judge will be denied.

**2. Intoxicating liquors ☞238(1).**

Whereabouts of defendant at time of alleged sale of intoxicating liquor and other conflicts were for jury.

**3. Criminal law ☞1111(5).**

Where heading in transcript, "Refused charges given at the request of defendant," was in conflict with indorsement on charges which stated that charges were refused, indorsement governed, under express provision of statute.

**4. Criminal law ☞995(1).**

Judge's minute entry, "that defendant have an additional sentence passed upon him for term of three months," held not absolute judgment, and insufficient to fix such sentence.

**5. Criminal law ☞1177.**

A minute entry that defendant receive additional sentence of three months will not be ground for reversing judgment of conviction as to fine and costs or alternate hard labor upon failure to pay, since such entry affected sentence only.

**6. Witnesses ☞240(2).**

To permit solicitor to ask state witness leading questions on direct examination is within discretion of the court.

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Holl Perkins was convicted of violating the prohibition law, and he appeals. Affirmed; remanded for sentence.

Windham & Holliman, of Birmingham, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in refusal of charges or rulings on evidence. Tatum v. State, 20 Ala. App. 436, 102 So. 726; Bufkins v. State, 20 Ala. App. 457, 103 So. 902.

BRICKEN, P. J. [1] The motion to strike the bill of exceptions is denied, it clearly appearing from the return to the writ of certiorari that the bill of exceptions was duly presented, approved, and signed by the trial judge, within the time prescribed by law.

Appellant was convicted of violating the prohibition law, the specific charge being that, within the time covered by the indictment, and in Fayette county, he sold one gallon of whisky to state witness Bruce Woods. Woods testified that he bought the gallon of whisky from the defendant and paid him $8 therefor.

[2] The defendant denied that he sold the whisky and testified that, at the time of the alleged sale, he was not within the state of Alabama, but was with his wife in the state of Arkansas visiting her people. This and other conflicts in the evidence constituted a question for the determination of the jury. In other words, the evidence presented a clear-cut issue of fact for the jury.

[3] The first insistence of error is that the charges refused to defendant, are headed in the transcript, "Refused charges given at the request of defendant." The contention is made if these charges were "given" at the request of defendant, he should be discharged. The two charges in question were the affirmative charges. Under no phase of this case was the defendant entitled to have a verdict directed in his behalf. The charges are each specifically indorsed: "Refused. R. L. Blanton, Judge." It is evident that the original heading on the page of the transcript was a misprision. As it now appears, the word "given" in the heading has been erased. But whether this were true or not, the indorsement made upon the charges themselves would govern without reference to the heading on the page of the transcript. This the statute expressly provides.

[4, 5] Appellant is correct in his next proposition to the effect that the judgment is insufficient to carry the additional three months' hard labor for the county. When this case was first here under submission, an opinion was prepared by Samford, J., of this court, and upon the question of sufficiency of the judgment Samford, J., had this to say:

"That part of the minute entry as follows: 'That the defendant, Holl Perkins, have an additional sentence passed upon him for a term of three months,' is ineffectual, in itself, to fix an additional sentence upon defendant. The judgment itself must purport to be the absolute sentence of the law as distinguished from a direction to the effect that a judgment would be entered. Black on Judgments, vol. 1, par. 3; Orr v. Stewart, 17 Ala. App. 297, 84 So. 555; Id., 204 Ala. 700, 85 So. 923."

In this he was correct, but the noted omission will affect the sentence only, and will not necessitate the reversal of the judgment of conviction as to the fine and cost,

or the alternate hard labor imposed upon the failure of defendant to pay the fine and cost in full.

[6] It is next complained that the court permitted the solicitor to ask state witness Murray Turner a leading question, and it is insisted that this constituted reversible error; but this insistence is wholly without merit, as it was within the discretion of the court to allow leading questions to be propounded on the direct examination of the witness. Brassell v. State, 91 Ala. 45, 8 So. 679.

The record proper is without error. We have found no reversible error on the trial. The judgment of conviction and sentence for the fine and cost is affirmed, and the cause is remanded to the circuit court for proper sentence.

Affirmed in part, and remanded.