142 So. 390

**KINNEY et al. v. POLLAK et al.**

6 Div. 820.

Supreme Court of Alabama.

April 9, 1932.

Rehearing Denied June 16, 1932.

Cabaniss & Johnston, of Birmingham, for appellees.

F. E. St. John, of Cullman, and A. J. Harris, of Decatur, for appellants.

**FOSTER, J.**

On motion to dismiss the cause for the failure to comply with the judgment of this court.

On November 1, 1930, the circuit court, in equity, decreed that complainants were entitled to redeem the real estate, and that to effect such redemption they must pay into court within sixty days, for respondent Millsap, the principal sum of $3,808.08, without interest, and $1,634.10, for taxes and charges which he had paid, and $1,413.63, for respondent Kinney, which included interest to that date, for taxes and charges which he had paid. The register certifies that on December 30, 1930, the sum of $6,855.82 was paid into court by complainants. That sum was the aggregate of the three items above mentioned.

The respondents appealed to this court by executing a supersedeas appeal bond on the 13th day of January, 1931. Upon a hearing of that appeal, and without knowing that such amount had been paid into court, we, on October 22, 1931, 223 Ala. 654, 137 So. 669, corrected the decree of that court so as to require the complainants, in addition to the sum above mentioned, to pay the interest on the amount of $3,808.08, from August 18, 1926, "to the date of the payment of said amount into court on redemption, and as corrected the decree is affirmed," and allowed ninety days in which to do so. Application for rehearing was overruled December 3, 1931. Within such ninety days, on January 19, 1932, complainants paid into that court cash $1,332.80, calculated as the interest on the sum of $3,808.08 from August 18, 1926, to December 30, 1930. On January 21, 1932, payment was made by the register to the attorney for Millsap of those items, also the sum of $150.65, which had accumulated by a deposit in bank of those amounts pending appeal by order of the circuit court, but which sum did not equal the interest at 8 per cent. from December 30, 1930, to such date. Such attorney accepted the sum of those items as a full satisfaction of the amount decreed for his benefit, and no question is raised as to his authority to do so.

Kinney refused to accept the sum of the principal so decreed him and the accumulated interest which accrued on savings account pending appeal, to wit, $39.14, and has moved to dismiss the cause because complainants did not pay the interest on the sum necessary to redeem at 8 per cent. from December 30, 1930, to the date when complainants sought finally to effect redemption, to wit, January 19, 1932.

■ We are willing to admit that, in the light of the fact that, when we corrected and affirmed the decree, complainants had paid into the circuit court the amount fixed by that court for redemption, the language we used in our judgment was ambiguous. It would not have been ambiguous had such payment not have been thus made. We intended to adjudge that the amount in question should be interest calculated to the day on which there should be a redemption completely effected by a compliance with our decree, by a payment into court of the amount we then fixed, and we think our opinion indicates such an intent. That would clearly have been the meaning of the words of our judgment had a payment not then been made. And, had we known of such payment, our judgment would have been more clearly expressed. The payment into court on December 30, 1930, was not a payment of the full amount which we found should have been then paid, for the failure to pay the sum of $1,332.80 calculated as the amount of interest which we held was also then payable.

■ It was decided in McCalley v. Otey, 103 Ala. 469, 15 So. 945, 946, on the third appeal, that, because the amount which was brought into court after the commencement of the suit did not include the interest to the date on which it was so paid into court, that did not stop the accumulation of interest calculated after such date of bringing it into court. The court said: "The amount paid into court was not the full amount due, and the respondent was under no legal obligation to accept anything less than his entire debt. The fact that complainant must lose the interest upon the money during the time it was in court cannot be attributed to any fault of the respondent."

The respondent Millsap has accepted the full amount tendered him, though less than was adjudged to be due him. By doing so, he stands as having received the full amount so adjudged. This he could do, and the effect is as though that amount had been paid him, and he had refunded a part of it to complainants. But if such full amount then payable to Millsap had been thus paid, the amount in court for the use of Kinney was not then the full amount due him under our judgment. This is so, because, though the amount thus paid into court for him was the full amount of that one item when paid, it

did not effect a redemption because the total amount paid was not sufficient, and a redemption cannot be effected by the payment of a part of the whole sum then due. The redemption was not complete, and the amount due Kinney was not then payable to him.

■ When we corrected the decree of the circuit court so as to direct that interest on $3,808.08 should be calculated from August 18, 1926, and otherwise affirmed that decree in so far as it fixed the amount necessary to pay on the occasion of the redemption, we did not need to adjudge that the total sum so fixed by us should bear interest from November 1, 1930, the date of the decree in that court, because such was the legal effect of our affirmance of it. Section 8565, Code; Montgomery Iron Works Co. v. Capital City Ins. Co., 162 Ala. 420, 50 So. 358; M. L. & W. P. Co. v. Thombs, 204 Ala. 678 (18), 87 So. 205; U. S. F. & G. Co. v. Millonas, 206 Ala. 147 (13), 89 So. 732, 29 A. L. R. 520.

■ It results that, in our opinion, Kinney is correct in maintaining that complainants did not comply with the terms of our judgment. If there did not appear ground for a different construction of it, due to the fact, then unknown to us, that the amount named in the decree of the circuit court had been paid into court, we would not hesitate to declare that the cause should be dismissed either by this court, or the circuit court (and we will here pretermit a decision of whether such order should be made by the one or the other). And such order of dismissal should be made unless the judgment of this court be modified. Segrest v. Segrest, 38 Ala. 676; Lide v. Park, 132 Ala. 222, 31 So. 360.

■■ But our judgment was entered during the present term of this court, during which we have the right to order the case placed on our rehearing docket for further consideration. We think that the ends of justice would be served by so doing, and it is now ordered. And upon such rehearing and further consideration, our former judgment in this cause is so modified that the right of complainants effectually to redeem said property is conditioned upon the fact that they shall pay to the register of the circuit court of Jefferson county, in equity, for the use of respondent Kinney, such sum as shall, when added to that now in said court, which was paid by complainant for his use, and the amount of interest also in said court which has accumulated after its payment, be equal to said amount of $1,413.63, together with interest thereon at 8 per cent. per annum, calculated from November 1, 1930, to the date when such sum shall be thus paid under the direction of this order.

If such sum shall not be so paid within thirty days from this day, then this cause shall be dismissed by order of the circuit court of Jefferson county, in equity; but, if

so paid, the redemption shall be effectual from the date of such completed payment. Appellees are taxed with the cost of the motion now under consideration.

Our former judgment is modified, as above indicated, and, as so modified, the rehearing is overruled, and the motion to dismiss the cause is also overruled.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, J., not sitting.

KNIGHT, J., (dissenting).

I cannot concur in the foregoing conclusions. The opinion heretofore filed in this cause was clear and unambiguous. The complainant failed to comply therewith in the time allowed by the court. He, therefore, lost his right to redeem, and the bill should, in my judgment, be here dismissed. The case of Segrest v. Segrest, 38 Ala. 676, is conclusive to this effect.