[No. 27794. Department Two. November 20, 1939.]

THE STATE OF WASHINGTON, *on the Relation of W. H. Sibbald, Plaintiff,* v. L. H. HUNTINGTON, *as Justice of the Peace for Kelso Precinct, Cowlitz County, Respondent.*[1]

[1]Reported in 96 P. (2d) 446.

*W. H. Sibbald, per se.*

*Shirley R. Marsh, H. Jerard Imus,* and *Joe L. Johnson,* for respondent.

GERAGHTY, J.—This is an original application in this court for a writ of prohibition permanently restraining the respondent, as justice of the peace for Kelso precinct, Cowlitz county, from further proceeding in a criminal action pending before him. The facts upon which the relator bases his application, as exhibited by his affidavit, are as follows:

The relator, an attorney at law, prepared and filed in the office of the county auditor a petition, bearing the names of six taxpayers, for the recall from office of W. J. Martin, one of the commissioners of Cowlitz county. Soon thereafter, Martin filed a criminal complaint with the respondent, charging the relator and the six signers of the recall petition with the offense of publishing a criminal libel. Thereupon, the respondent issued a warrant directing the arrest of the relator and the signers of the petition. The sheriff of Cowlitz county executed the warrant by taking the relator and his codefendants into custody. After arrest, they were released on their own recognizance pending trial.

A demurrer to the complaint, on the ground that the facts charged did not constitute a crime, was overruled by the respondent. The relator then made application to the superior court of Cowlitz county for a writ of prohibition to restrain the justice court from further proceeding in the action. After a hearing on

the application by the superior court, the writ was denied and the application dismissed by a decree entered June 1, 1939.

It is alleged in the affidavit for the writ that the respondent is acting without jurisdiction and, unless prohibited, will force the relator and the signers of the recall petition to stand trial for the commission of an act not a crime under the laws of this state.

In addition to the foregoing facts, it is alleged in the respondent's return to the show cause order herein that the relator, on September 14, 1939, served and filed a notice of appeal to this court from the decision of the superior court denying his application for the writ.

We deem it unnecessary to make any detailed reference to the charges contained in the criminal complaint filed in the justice court, other than to say that some of the allegations of malfeasance contained in the petition for recall were deemed by the justice court to be libelous and beyond the privilege attaching to recall petitions. The complaint against the relator was that, in filing the charges with the county auditor, he assisted in the publication of the libel.

The relator's application, in effect, seeks, by a short cut, and in despite of the appellate jurisdiction of the superior court, to have this court review, by one of its extraordinary writs, the decision of the justice court upon a question incidental to the exercise of the inferior tribunal's criminal jurisdiction.

The writ of prohibition, under the statute (Rem. Rev. Stat., §§ 1027, 1028 [P. C. §§ 8386, 8387]), lies to an inferior court when that court is acting without or in excess of its jurisdiction and there is no plain, speedy, or adequate remedy, in the ordinary course of law, from the decisions it renders or may render. It does not lie merely because the court decides errone-

ously or in excess of its jurisdiction. As a prerequisite to its issue, there must be no other remedy, either by appeal or writ of review from its challenged decision, before the writ will lie.

In the present case, it cannot be doubted that there is a speedy and adequate remedy available to the relator, in the ordinary course of law, from any final judgment that the justice court may enter against him by appeal to a higher tribunal.

This court, in *State ex rel. Lyon v. Police Court of Hoquiam,* 53 Wash. 361, 101 Pac. 1082, passing upon the denial by the superior court of a writ of prohibition directed to a police court, after saying that the statute relating to appeals was ample to secure a review in the higher tribunals of any judgment of an inferior court whose judgment may be reviewed under the restrictions imposed by the constitution, and that it is necessary to enforce this rule with strictness, continues:

"If a party may, on a trial before a police judge, have a writ of prohibition on the theory that the court is acting without or in excess of jurisdiction, every time that court rules against his contention, trials in such courts will become a farce, and there will be no such thing as punishment for petty offenses. Suppose, for example, that we entertained the present writ, determined the questions suggested on their merits against the appellants, and sent the case back for further proceedings, is there any reason why they might not sue out another writ, based on a contention similar to the one they are invoking now, on the first ruling that court makes in the case which disagrees with their ideas of their rights in the matter? And if this be possible, why may not a third or fourth or a fifth writ be sued out before the trial reaches its end? But such a practice would be intolerable. It is the policy of the law, and the practice should be so regulated, that a person accused of crime before an inferior court shall have a continuous trial interrupted only by the

necessary adjournments; and when judgment is pronounced in the case, if it be against him, one review of the judgment, in which all the questions that arose in the trial and which he believes were erroneously decided to his prejudice, can be examined by the appellate tribunals for error."

The court quoted with approval from *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395, where it is said:

"It is the general policy of our law that cases shall come to this court but once, and that the decision of this court shall be based on the merits of the entire controversy. The question here presented is no exception to this rule. There are additional reasons why applications of this kind should not be favored. Such applications are usually submitted in an informal manner, without adequate briefs, and often without an appearance by the adverse party. Such practice is not conducive to a proper consideration, or correct decision, of important questions of law in an appellate court. We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

What was said in the above cited cases had relation to applications for writs made to the superior court. The rule announced in them applies with much stronger reason when an original application for a writ, directed to an inferior tribunal, is made in this court.

The principal reason urged by the relator for issue of the writ is that the decision of the justice court on the demurrer evinces a wrong conception of the law, and that, while he is prosecuting his appeal in the ordinary course prescribed by statute, he will be subject to imprisonment. But this is the plight of every one accused of a criminal offense. The statute provides for reasonable bail and for an orderly appeal to higher tribunals, where redress from a wrong decision may be had. The inconveniences attendant upon this procedure, however onerous they may be, are unavoidable under any system of orderly procedure.

What we have said disposes of appellant's application, even if it be conceived that, under any state of circumstances, a writ from this court would lie to a justice court. Our attention has not been called to any case where the question, whether one of this court's extraordinary writs would lie to a justice court, was directly passed upon by the court. But there are two cases which decidedly support the view that such writ does not lie.

In *State ex rel. Romano v. Yakey,* 43 Wash. 15, 85 Pac. 990, the question was whether a writ of mandate from this court would lie to a judge of the superior court in his capacity as a magistrate. A writ was sought, directed to Judge Yakey, of the superior court of Kitsap county, sitting as a visiting judge in King county, requiring him, as a committing magistrate, to issue a warrant upon a complaint charging the defendants named therein with perjury. The court denied the writ upon the ground that it should not issue to require Judge Yakey to leave his duties in Kitsap county and repair to King county for the sole purpose of hearing an application for a warrant of arrest in that county so long as there were in the latter county numerous officers upon whom that duty was enjoined

by law. In the course of the opinion, written by Judge Rudkin, the court said:

"The power of a superior judge to act as a mere magistrate outside the county for which he is elected may be doubted, and there is a still graver doubt as to his duty to do so. *The original jurisdiction of this court to issue a writ of mandamus against a magistrate, even though that magistrate should be a judge of the superior court, may also be questioned,* but these questions we do not determine." (Italics ours.)

In a later case, *State ex rel. Murphy v. Taylor,* 101 Wash. 148, 172 Pac. 217, the question arose whether a writ of prohibition from this court would lie against a judge of the superior court in his capacity as a committing magistrate in his own county. Passing upon the question, the court said:

"The precise question seems never to have been determined by us. The nearest approach to it is perhaps the case of *State ex rel. Romano v. Yakey,* 43 Wash. 15, 85 Pac. 990, where a writ of mandamus was sought from this court to compel a judge of the superior court to entertain as a magistrate a complaint made before him charging the commission of a crime, jurisdiction over which he had declined. Among the objections urged against the issuance of a writ was that this court was without jurisdiction, since a magistrate is not of the class of officers against whom it has original jurisdiction to issue the writ. The application for the writ was denied on other grounds urged, thus rendering it unnecessary to pass upon the particular objection, but the question was noticed in the course of the opinion, the court saying that the jurisdiction might be questioned. Notwithstanding this seeming dissent from the view, we are constrained on further consideration to hold that the writ of prohibition will lie from this court *when the officer sought to be prohibited is a judge of the superior court."* (Italics ours.)

After discussing the capacity in which a justice of the peace or a judge of the superior court acts as a committing magistrate and announcing the conclusion

that, when a justice of the peace or a judge of the superior court conducts an inquiry as a magistrate, he does so as such judge or justice of the peace and not in another and different capacity, the court continues:

"Applying the rule to the specific case, it must follow that, when the judge of the superior court of Yakima county proceeded to inquire into the offense charged against the relator, he proceeded in his capacity as judge of such court, and is subject to be restrained by an original writ from this court as much so as he would be were he exercising any other of his judicial functions.

". . . the contention is that he is not subject to the original jurisdiction of this court, but to the jurisdiction of the superior court. If this contention be sound, we would have the anomaly of a judge of the superior court while sitting in one capacity issuing a writ against himself while sitting in another, or the anomaly of a magistrate against whom no such writ would lie. Manifestly neither of these alternatives should be given effect unless the governing principles are such as to admit of no other construction. We cannot believe they are so."

The reasoning of the court in support of the view that the writ may issue to a judge of the superior court acting as a magistrate negatives, we think, the idea that the writ may lie to justices of the peace whether in their capacity as justices or as magistrates. This view of the question seems to be required by the orderly course of our appellate procedure as outlined in the constitution and statutes.

We deem it unnecessary to pass upon the question whether the relator is concluded by the superior court's adverse ruling on his application for the writ of prohibition.

The writ will be denied.

BLAKE, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.